UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 15-8061 DMG (RAOx)** | Date | March 1, 2016 |
|---|---|---|---|
| Title | *Electronic Waveform Lab, Inc. v. EK Health Services, et al.* | Page | 1 of 18 |

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER RE: DEFENDANTS' MOTIONS TO DISMISS [20, 21]**

## I.
## PROCEDURAL BACKGROUND

On November 3, 2015, Plaintiff Electronic Waveform Lab, Inc. filed a third amended complaint ("TAC") against Defendants State Compensation Insurance Fund ("SCIF"), EK Health Services ("EK"), individuals James Lessenger, M.D., Grant Nugent, M.D., Alton Wills, M.D., Patricia D. Pegram, M.D., Suzanne L. Sergile, M.D., Garrett M. Casey, M.D., Michael J. Laubach, M.D., Jay V. Westphal, M.D., Kathleen Gray, M.D., Johanna Appel, D.C., Janet O'Brien, M.D., Richard Thompson, M.D., and David Ehrenfeld, M.D., asserting claims for (1) violations of the Cartwright Act, Bus. & Prof. Code § 16700 *et seq.*; (2) intentional interference with prospective economic advantage; (3) trade libel; (4) violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(c); (5) civil conspiracy under RICO, 18 U.S.C. § 1962(d); and (6) violations of the Unfair Competition Law ("UCL"), Bus. & Prof. Code § 17200 *et seq.* [Doc. # 16.]

On November 24, 2015, Defendant SCIF filed a motion to dismiss the Third Amended Complaint ("SCIF's MTD") [Doc. #20] and a request for judicial notice ("RJN 1") in support of the MTD [Doc. # 19]. On November 24, 2015, Defendant EK and individual defendants filed a separate motion to dismiss the Third Amended Complaint ("EK's MTD") [Doc. # 21].

On January 8, 2016, Plaintiff filed an opposition to both SCIF's MTD ("SCIF Opp.") [Doc. # 24] and EK's MTD ("EK Opp.") [Doc. # 25]. On January 15, 2016, Defendant SCIF filed a reply ("SCIF's Reply") to the opposition [Doc. # 27] and a second request for judicial notice ("RJN 2") [Doc. # 29]. On January 15, 2016, Defendant EK and Individual Defendants filed a separate reply ("EK's Reply") to the opposition [Doc. # 30].

## II.
## JUDICIAL NOTICE

Federal Rule of Evidence 201 permits a court to take judicial notice of facts not subject to reasonable dispute and "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *Campbell v. PricewaterhouseCoopers, LLP*, 642 F.3d 820, 824, n. 3 (9th Cir. 2011) (citing Fed. R. Evid. 201(b)). Defendant SCIF has submitted two requests for judicial notice of the following documents in support of its motion to dismiss:

1.  The Findings and Order and Opinion of Judge on Decision in the case entitled *Smith v. Clearwater Nursery; State Compensation Ins. Fund*, Workers' Compensation Appeals Board ("WCAB") case numbers 03 GOL 95644, 95645, 95646 and SBA 7880 (RJN 1, Ex. 1);

2.  The Opinion and Order Granting Reconsideration and Decision after Reconsideration in the case entitled *Markarian v. State of Cal. Dep't of Motor Vehicles; State Comp. Ins. Fund*, WCAB case numbers ADJ2509874 (VNO 0499093) (RJN 1, Ex. 2);

3.  Independent Medical Review Decision in Case No. CM15-002021222 (Dated March 25, 2015) (RJN 1, Ex. 3);

4.  The July 31, 2013 Amended Order Granting Motion to Strike issued by the court in the matter entitled *Electronic Waveform Lab, Inc. v. EK Health Services, et al.*, Los Angeles Superior Court Case No. BC467496 (RJN 2, Ex. A);

5.  The July 31, 2013 Order Denying Motion for Preliminary Injunction issued by the court in the matter entitled *Electronic Waveform Lab, Inc. v. EK Health Services, et al.*, Los Angeles Superior Court Case No. BC467496 (RJN 2, Ex. B);

6.  The August 1, 2013 Court Order in the matter entitled *Electronic Waveform Lab, Inc. v. EK Health Services, et al.*, Los Angeles Superior Court Case No. BC467496 (RJN 2, Ex. C); and

7.  The February 11, 2015 Opinion issued by the California Court of Appeal, Second Appellate District in the matter entitled *Electronic Waveform Lab, Inc. v. EK Health Services, et al.*, California Court of Appeal Case No. B249840 (RJN 2, Ex. D).

RJN 1 at 2; RJN 2 at 2.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 15-8061 DMG (RAOx)** | Date | March 1, 2016 |
|---|---|---|---|
| Title | *Electronic Waveform Lab, Inc. v. EK Health Services, et al.* | Page | 3 of 18 |

"A court may take judicial notice of 'matters of public record.'" *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (internal citation omitted). Documents on file in federal or state courts are considered undisputed matters of public record. *Harris v. Cnty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) (internal citations omitted). Notice is taken of the existence of such filings, not the truth of the facts recited therein. *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) ("[W]hen a court takes judicial notice of another court's opinion, it may do so not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity.") (internal citation and quotation marks omitted). The Court hereby takes notice of the existence of the requested documents and the fact of their filing, but not of the facts asserted therein.

## III.
## FACTUAL BACKGROUND[1]

**A.   The Parties**

Electronic Waveform Lab, Inc. is a California corporation operating in Orange County, California. (TAC ¶ 15.) Plaintiff manufactures and sells the H-Wave® electrotherapy medical device ("H-Wave") used to treat injured workers. (*Id*. ¶ 1.) H-Wave is currently approved for use under California's Medical Treatment Utilization Schedule ("MTUS") and has met the regulatory requirements to be considered "evidence-based" medicine. (*Id*. ¶ 2.)

State Compensation Insurance Fund is a workers compensation insurer created by the California Legislature in 1914. (*Id*. ¶ 4.) SCIF is currently the largest workers compensation insurer in California and has maintained a significant market share since at least 2003. (*Id*. ¶ 16.) As part of its legal obligations under the workers compensation regulatory framework, SCIF has contracted with other Defendants since 2004 to conduct a medical care review process called Utilization Review ("UR"). (*Id*. ¶¶ 38, 41.)

EK Health Services, Inc. is a California corporation operating in Santa Clara County, California. (*Id*. ¶ 17.) EK provides UR services to various employers and insurance companies, including SCIF. (*Id*.) EK maintains a network of sub-contracted physician reviewers that includes former SCIF physician reviewers. (*Id*. ¶ 8.) Since 2005, EK provides at or near 100% of SCIF's UR services. (*Id*. ¶ 6.)

---

[1] The Court accepts all material factual allegations in the complaint as true solely for purposes of deciding the motions to dismiss, except where they contradict documents that are attached to the TAC or subject to judicial notice.

Defendants James Lessenger, M.D., Grant Nugent, M.D., Alton Wills, M.D., Patricia D. Pegram, M.D., Suzanne L. Sergile, M.D., Garrett M. Casey, M.D., Michael J. Laubach, M.D., Jay V. Westphal, M.D., Kathleen Gray, M.D., Johanna Appel, D.C., and Janet O'Brien, M.D. are individuals residing in various counties in California, including Solano County, Amador County, Sacramento County, Los Angeles County, Orange County, and San Diego County (collectively referred to herein as "the Reviewers"). (*Id*. ¶¶ 18-28.) The Reviewers are physicians contracted by EK to perform Utilization Reviews. (*Id*.) The Reviewers have denied 100% or nearly 100% of all UR requests for H-Wave since 2005. (*Id*.)

Defendant Richard Thompson, M.D. is an individual who resides in Santa Clara County, California. (*Id*. ¶ 29.) Thompson is employed by EK as Medical Director and has ensured the denial of H-Wave prescriptions in UR conducted by the Reviewers since 2005. (*Id*.)

Defendant David Ehrenfeld, M.D. is an individual who resides in Santa Clara County, California. (*Id*. ¶ 30.) Ehrenfeld is employed by EK to oversee Quality Assurance and has ensured the denial of H-Wave prescriptions in UR conducted by the Reviewers since 2005. (*Id*.)

**B.     California's Regulatory Scheme for Worker's Compensation**

California law requires employers and insurers to establish a UR process governed by written policies and procedures to "approve, modify, delay, or deny, based in whole or in part on medical necessity to cure and relieve, treatment recommendations by physicians. . . ." Cal. Lab. Code §§ 4610(a),(b). California law also requires that UR decisions "are consistent with the schedule for medical utilization treatment adopted pursuant to California Labor Code section 5307.27." Cal. Lab. Code § 4610(c). UR decisions can only be made by "a licensed physician who is competent to evaluate the specific clinical issues involved in the medical treatment process." Cal. Lab. Code § 4610(e). If approved, employers and insurers must pay or reimburse the cost of services or face potential penalties. *See* Cal. Lab. Code § 4610.1.

During the relevant time period, injured workers who disagreed with a UR decision could appeal the decision before the Workers' Compensation Appeals Board ("WCAB"). 8 CCR § 9792.10(a)(4). Similarly, doctors and other medical service providers whose services were denied reimbursement by a UR decision could file lien claims for the costs of their services directly with the WCAB. Cal. Lab. Code § 4903. Furthermore, California Labor Code section 5300 sets forth the basic grant of jurisdiction over matters involving workers' compensation, and provides in pertinent part that "[a]ll the following proceedings shall be instituted before the appeals board and not elsewhere . . . (a) [f]or the recovery of compensation, or concerning any

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 15-8061 DMG (RAOx)** | Date | March 1, 2016 |
|---|---|---|---|
| Title | *Electronic Waveform Lab, Inc. v. EK Health Services, et al.* | Page | 5 of 18 |

right or liability arising out of or incidental thereto." Cal. Lab. Code § 5300. California law also provides that "the right to recover [workers'] compensation is . . . the sole and exclusive remedy of the employee . . . against the employer. Cal. Lab. Code § 3602.

C.    **SCIF's Utilization Review Policy**

In September 2005, SCIF issued an "Inter-Communication" memorandum outlining SCIF's blanket policy to deny all physicians' requests for H-Wave treatment. (TAC ¶¶ 9, 42.) EK, the individual defendants, and other unnamed EK reviewers have since collaborated with SCIF to implement the denial policy, resulting in the denial of over 96% of all H-Wave requests made for SCIF patients. (*Id*.) In contrast, the national approval rate for H-Wave requests is 70% when excluding California. (*Id*. at ¶ 12.)

To implement the denial policy, EK took various steps to ensure its physician reviewers would deny H-Wave requests. (*Id*. at ¶ 45.) Defendants Thompson and Ehrenfeld counseled reviewers on the denial policy after they were found to have approved an H-Wave request. (*Id*.) Thompson also instructed reviewers on how to use pretextual rationales in UR paperwork. (*Id*.) Defendant O'Brien crafted one such pretextual rationale, which was distributed to reviewers in 2007. (*Id*.) In early April 2008, SCIF issued a "Medical Decision Statement" that reaffirmed the denial policy and provided EK and its reviewers with boilerplate language aimed to hide the policy. (*Id*. at ¶ 47.)

On July 18, 2009, the MTUS was amended to add H-Wave as an approved treatment option for chronic pain. (*Id*. at ¶ 49.) In response to the MTUS amendment, SCIF hired ECRI, a technical assessment company, to perform medical research critical of H-Wave. (*Id*. at ¶ 50.) The report was canceled when SCIF was informed by ECRI that the report would be supportive of H-Wave. (*Id*.) Nevertheless, SCIF instructed EK and the Reviewers to continue to apply the denial policy without making independent determinations of whether H-Wave treatment was appropriate. (*Id*. at ¶¶ 49, 51.)

SCIF's denial policy was concealed from Plaintiff, patients, and treating physicians. (*Id*. at ¶ 51.) Rather, SCIF and EK issued UR denial letters without performing independent URs and altered their pretextual rationales to continue to hide the policy. (*Id*. at ¶ 52.) Believing that URs were properly performed, Plaintiff was induced to settle claims for reimbursement from the sale and rental for H-Wave, allowing SCIF to retain money that would otherwise have been used for H-Wave treatment. (*Id*. at ¶ 54.) Similarly, patients and treating physicians abandoned H-Wave treatments upon receiving the denial letters, believing that an independent UR was performed. (*Id*. at ¶ 56.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 15-8061 DMG (RAOx)** | Date | March 1, 2016 |
|---|---|---|---|
| Title | *Electronic Waveform Lab, Inc. v. EK Health Services, et al.* | Page | 6 of 18 |

Since 2010, SCIF representatives have threatened doctors and physical therapists who continued to prescribe H-Wave with removal from SCIF's medical provider network. (*Id.* at ¶¶ 62, 63.) Removal from SCIF's medical provider network would essentially prevent doctors from treating patients insured by SCIF. (*Id.*) Additionally, the Reviewers have contacted prescribing doctors in order to intimidate them into not prescribing H-Wave. (*Id.* at ¶ 64.) The Reviewers have also disparaged H-Wave and Plaintiff's business. (*Id.* at ¶ 65.)

As a result of the denial policy, as well as SCIF and the Reviewers' threats to doctors, treating physicians have stopped prescribing H-Wave. (*Id.* at ¶¶ 55, 62.) Plaintiff has since been either foreclosed from doing business or forced to provide its services at substantially increased costs. (*Id.* at ¶ 68.)

Plaintiff also alleges that EK has adopted SCIF's denial policy and has been enforcing the denial policy for all of its clients, including Safeway, Inc.[2] (*Id.* at ¶¶ 69, 73.)

## IV.
## LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a defendant may seek dismissal of a complaint for failure to state a claim upon which relief can be granted. A court may grant such a dismissal only where the plaintiff fails to present a cognizable legal theory or fails to allege sufficient facts to support a cognizable legal theory. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)). On a motion to dismiss, a court can consider documents attached to the complaint, documents incorporated by reference in a complaint, or documents subject to judicial notice. *U.S. v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

To survive a Rule 12(b)(6) motion, a complaint must articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). Although a pleading need not contain "detailed factual allegations," it must contain "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Id.* at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986)). "A claim has facial plausibility when the plaintiff

---

[2] Safeway has not been named as a defendant in this case, but Plaintiff has alleged that Defendants "combined and colluded" with Safeway, "a self-insured company that, like SCIF, is served by EK Health and similarly intended to wrongfully restrain Plaintiff's trade." (TAC ¶ 73.)

pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L.Ed. 2d 868 (2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully" or "facts that are 'merely consistent with' a defendant's liability." *Id.* (citing *Twombly* at 557.)

In evaluating the sufficiency of a complaint, courts must accept all factual allegations as true. *Iqbal*, 556 U.S. at 678 (internal citation omitted). Legal conclusions, in contrast, are not entitled to the assumption of truth. *Id*.

Should a court dismiss certain claims, it must also decide whether to grant leave to amend. Federal Rule of Civil Procedure 15(a) provides that a party may amend a pleading with the court's leave, and that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2); *see also Moss v. Secret Serv.*, 572 F.3d 962, 972 (9th Cir. 2009) (leave to amend should be granted with "extreme liberality"). "Leave to amend should be granted unless the district court 'determines that the pleading could not possibly be cured by the allegation of other facts.'" *Knappenberger v. City of Phoenix*, 566 F.3d 936, 942 (9th Cir. 2009) (quoting *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (*en banc*)).

## V.
## DISCUSSION

### A.   The Cartwright Act

The Cartwright Act "prohibits the combination of resources of two or more independent interests for the purpose of restraining commerce and preventing market competition." *G.H.I.I. v. MTS, Inc.*, 147 Cal. App. 3d 256, 266, 195 Cal. Rptr. 211, 217 (1983) (internal citation omitted). The Court must determine whether "the entities are capable of conspiring . . . and . . . whether the restraint of trade is an unreasonable and therefore illegal one." *Am. Needle, Inc. v. NFL*. 560 U.S. 183, 195, 130 S. Ct. 2201, 2212, 176 L. Ed. 2d 947, 961 (2010). "The Cartwright Act was patterned after Section 1 of the Sherman Act, and the pleading requirements under the two statutes are similar." *Apple, Inc. v. Psystar Corp.*, 586 F. Supp. 2d 1190, 1203 (N.D. Cal. 2008). "[F]ederal cases interpreting the Sherman Act are applicable to problems arising under the Cartwright Act." *Marin Cnty. Bd. of Realtors, Inc. v. Palsson*, 16 Cal. 3d 920, 925, 130 Cal. Rptr. 1, 3 (1976); *see also Knevelbaard Dairies v. Kraft Foods, Inc.*, 232 F.3d 979, 1001 (9th Cir. 2000) ("[B]ecause the Cartwright Act has objectives identical to the federal antitrust acts, the California courts look to cases construing the federal antitrust laws for guidance in interpreting the California act.") (internal citation and quotation marks omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 15-8061 DMG (RAOx)** | Date | March 1, 2016 |
|---|---|---|---|
| Title | *Electronic Waveform Lab, Inc. v. EK Health Services, et al.* | Page | 8 of 18 |

**1.    Cartwright Act Combination between SCIF and EK**

   **a.    Agency**

As a threshold requirement, a defendant can only be legally capable of conspiring if it is not an agent of the alleged co-conspirator. *Kolling v. Dow Jones & Co.*, 137 Cal. App. 3d 709, 720, 187 Cal. Rptr. 797, 805 (1982) ("a corporation cannot conspire with itself or its agents for purposes of the antitrust laws."). Plaintiff contends that EK provides UR services for SCIF as an independent reviewer and, therefore, it cannot be considered an agent. (TAC ¶ 6, 38; SCIF Opp. 6:28-7:22.) Defendants insist that even though EK was contracted for external UR review, an agency relationship nonetheless should be found because SCIF can only act through EK. (SCIF's MTD 19:3-12; EK's MTD 6:2-6.)

"An agent is one who represents another . . . in dealing with third persons." *Jackson v. AEG Live*, LLC, 233 Cal. App. 4th 1156, 1184, 183 Cal. Rptr. 3d 394, 417 (2015). "Agency and independent contractorship are not *necessarily* mutually exclusive legal categories . . . [A]n agent may also be an independent contractor." *Id.* (emphasis in original). "But, '[t]he law indulges in no presumption that an agency exists but instead presumes that a person is acting for himself and not as agent for another.'" *Id.* (quoting *Inglewood Teachers Assn. v. Public Employment Relations Bd.*, 227 Cal. App. 3d 767, 780, 278 Cal. Rptr. 228, 234 (1991)). Rather, "whether an agency relationship has been created or exists is determined by the relation of the parties . . . and the primary right of control is particularly persuasive." *APSB Bancorp v. Thorton Grant*, 26 Cal. App. 4th 926, 932, 31 Cal. Rptr. 2d 736, 740 (1994) (citations omitted).

Given the requirements of section 4610, EK cannot be SCIF's agent, because SCIF cannot exercise any control over EK's UR decision-making process as a matter of law. *See* Cal. Lab. Code § 4610(c), (e). Although SCIF must establish UR policy and procedure under section 4610(c), SCIF's control is limited to ensuring UR decisions are made "consistent with the schedule of medical treatment utilization adopted pursuant to Cal. Lab. Code section 5307.27." Cal. Lab. Code § 4610(c). "A worker is an independent contractor when he or she follows the employer's desires only in the result of the work, and not the means by which it is achieved." *Jackson*, 233 Cal. App. 4th at 1184.[3]  Because EK is statutorily required to comply with

---

[3] Although *Jackson* here discusses the difference between independent contractors and employees, "whether a person is an independent contractor or agent is determined by the same rules as those applicable in determining whether he is an independent contractor or an employee." *Rogers v. Whitson*, 228 Cal. App. 2d 662, 671, 39 Cal. Rptr. 849, 853 (1964).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 15-8061 DMG (RAOx)** | Date | March 1, 2016 |
|---|---|---|---|
| Title | ***Electronic Waveform Lab, Inc. v. EK Health Services, et al.*** | Page | 9 of 18 |

California's MTUS, SCIF cannot control the means by which UR decisions are made. EK is therefore not SCIF's agent.

### b. Horizontal Restraint of Trade

Although EK is not SCIF's agent for the reasons stated above, there can be no Cartwright Act violation on a theory of conspiracy to restrain trade (sometimes referred to as a "horizontal restraint of trade") unless EK is an independent economic actor whose conspiratorial action "deprives the marketplace of independent centers of decisionmaking . . . and thus of actual or potential competition." *Asahi Kasei Pharma Corp. v. CoTherix, Inc.*, 204 Cal. App. 4th 1, 16, 138 Cal. Rptr. 3d 620, 633 (2012) (quoting *Am. Needle*, 560 U.S. at 196) (internal citation and quotation marks omitted); *see also Roth v. Rhodes*, 25 Cal. App. 4th 530, 540, 30 Cal. Rptr. 2d 706, 711 (1994). "[T]he inquiry is one of competitive reality," *Am. Needle*, 560 U.S. at 196, and "substance, not form, should determine whether [defendants] are capable of conspiring[.]" *Copperweld Corp. v. Independence Tube Corp.*, 467 U.S. 752, 773, 104 S. Ct. 2731, 2743 n. 21 (1984).

While EK is statutorily independent for the purposes of UR decisions, EK is not necessarily an independent *economic* decision-maker. Plaintiff alleges no facts from which the Court may plausibly infer that EK and the individual defendants made decisions that "deprive[] the marketplace of independent centers of decisionmaking." *Asahi*, 204 Cal. App. 4th at 16. EK and the individual defendants provide SCIF with UR decisions that allow SCIF to deny the reimbursement or purchase of Plaintiff's H-Wave devices. While SCIF's ultimate reimbursement or purchase of Plaintiff's H-Wave devices are subject to EK's actions, EK's UR decisions do not reduce the number of economic decision-makers. In other words, while SCIF and EK are separate in "form," the "substance" of their co-dependent relationship results in only one decision – whether SCIF pays for H-Wave treatments.

### c. Vertical Restraint of Trade

Alternatively, a Cartwright Act violation may also be found if Defendants' conduct constitutes an illegal vertical restraint of trade. *See Roth*, 25 Cal. App. at 540. Vertical restraints of trade are generally subject to a rule-of-reason analysis. *See Redwood Theatres v. Festival Enters.*, 200 Cal. App. 3d 687, 703, 248 Cal. Rptr. 189, 198 (1988) (citing *Continental T.V., Inc. v. GTE Sylvania Inc.*, 433 U.S. 36, 57 (1977)). Under the rule of reason, the court "must analyze the degree of harm to competition along with any justifications or pro-competitive effects to determine whether the practice is unreasonable on balance." *Bhan v. NME Hospitals, Inc.*, 929 F.2d 1404, 1410 (9th Cir. 1991) (internal citations omitted). "Ordinarily, a plaintiff . . . must

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 15-8061 DMG (RAOx)** | Date | March 1, 2016 |
|---|---|---|---|
| Title | *Electronic Waveform Lab, Inc. v. EK Health Services, et al.* | Page | 10 of 18 |

delineate the relevant market and show that the defendant plays enough of a role in that market to impair competition significantly." *Id.* at 1413. In other words, plaintiff must plead facts "showing some anticompetitive effect in the larger, interbrand market." *Exxon Corp. v. Superior Court*, 51 Cal. App. 4th 1672, 60 Cal. Rptr. 2d 195, 200 (1997).

It is unclear whether a vertical restraint analysis is appropriate where, as here, the alleged conspiracy does not involve a "claim against suppliers in the same stream of commerce as the person or entity claiming the restraint." *Roth*, 25 Cal. App. at 541 (citing *G.H.I.I. v. MTS, Inc.*, 147 Cal. App. 3d 256 (1983); *Bert G. Gianelli Distributing Co. v. Beck & Co.*, 172 Cal. App. 3d 1020 (1985); *Columbia Broadcasting Sys. v. Am. Soc. of Composers*, 620 F.2d 930 (2d Cir. 1980)).

Even assuming, *arguendo*, that the vertical restraint theory applies in this context, Plaintiff has failed to allege sufficient facts to support that theory. Although Plaintiff has delineated various markets in which it competes, as well as SCIF's market share over the relevant time period, Plaintiff has not pleaded any facts showing actual injury to competition. Rather, Plaintiff alleges that there are other, less effective devices that compete against H-Wave in the market. (TAC ¶ 35.) Plaintiff's allegation of harm to itself is insufficient "as the purpose of antitrust laws is primarily to protect the consuming public by healthy competition, and only secondarily to protect the individual competitor." *Feldman v. Sacramento Bd. of Realtors, Inc.*, 119 Cal. App. 3d 739, 748, 174 Cal. Rptr. 231, 236 (1981).

While Plaintiff asserts that the "injury to competition" requirement is unnecessary under Ninth Circuit law (SCIF Opp. at 10-12; EK Opp. at 10-12), its reliance on *Flagship Theatres of Palm Desert, LLC v. Century Theaters, Inc.*, 198 Cal. App. 4th 1366, 131 Cal. Rptr. 3d 519 (2011), for that proposition is misplaced. In *Flagship*, the court held that *all* Cartwright Act claims require an "antitrust injury" (i.e., an injury to the competitor), which is distinct from an "injury to competition." *Id.* at 1378-79. *Flagship* clarified that an "antitrust injury" is a "loss [to the plaintiff] stem[ming] from a competition-reducing aspect or effect of the defendant's behavior." *Id.* at 1379 (emphasis omitted). In contrast, an "injury to competition" is an injury to the market, requiring plaintiff to show "a substantially adverse effect on competition in the relevant market." *See Marsh v. Anesthesia Services Medical Group, Inc.*, 200 Cal. App. 4th 480, 495, 132 Cal. Rptr. 3d 660, 673 (2011) (internal citation and quotation omitted). The *Flagship* court went on to state that, with some exceptions not applicable here, "[t]o prove an antitrust claim on the rule of reason, . . . a plaintiff must prove that the anticompetitive effects of the defendant's conduct outweigh its procompetitive effects[.]." 198 Cal. App. 4th at 1380 n. 9. State and federal law are in accord. *See Alliance Shippers, Inc. v. Southern Pacific Transp. Co.*, 858 F.2d 567, 570 (9th Cir. 1988) ("An essential element of a [Sherman Act] Section 1 violation

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 15-8061 DMG (RAOx)** | Date | March 1, 2016 |
|---|---|---|---|
| Title | *Electronic Waveform Lab, Inc. v. EK Health Services, et al.* | Page | 11 of 18 |

under the rule of reason is injury to competition in the relevant market."); *Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.*, 20 Cal. 4th 163, 186, 83 Cal. Rptr. 2d 548, 565 (1999) ("Injury to a competitor is not equivalent to injury to competition; only the latter is the proper focus of antitrust laws.").

In an attempt to avoid having to demonstrate an injury to competition, Plaintiff invokes the *per se* rule. Under the *per se* rule, "certain agreements or practices . . . are conclusively presumed to be unreasonable and therefore illegal without elaborate inquiry into the precise harm they have caused or the business excuse for their use." *Northern Pac. Ry. Co. v. United States*, 356 U.S. 1, 5, 78 S. Ct. 514, 518, 2 L. Ed. 2d 545, 549 (1958). "*Per se* rules of illegality are appropriate only when they relate to conduct that is manifestly anticompetitive." *Cont'l T.V. v. GTE Sylvania*, 433 U.S. 36, 49-50, 97 S. Ct. 2549, 2557, 53 L. Ed. 2d 568, 580 (1977). Plaintiff has not demonstrated that Defendants' conduct falls into any of the recognized categories of *per se* illegality. *See Gough v. Rossmoor Corp.*, 585 F.2d 381, 386 (9th Cir. 1978) (finding that the *per se* rule has only been applied in cases involving price fixing, horizontal market division, group boycotts, and tie-in sales.); *but see Nw. Wholesale Stationers, Inc. v. Pac. Stationery & Printing Co.*, 472 U.S. 284, 297, 105 S. Ct. 2613, 2621, 86 L. Ed. 2d 202, 213 (1985) ("not all concerted refusals to deal should be accorded *per se* treatment").

Because SCIF's conduct is effectively unilateral due to EK's inability to act as an independent economic actor, Plaintiff has failed to allege sufficient facts for the Court to plausibly infer a Cartwright Act conspiracy to restrain trade. Plaintiff has also failed to allege the injury to competition required under a vertical restraint of trade theory of antitrust liability.

### 2. Plaintiff Failed to Allege Conspiracy with Safeway

To bolster its Cartwright Act claim, Plaintiff alleges an additional horizontal conspirator in Safeway, Inc., but declines to name Safeway as a defendant. (*See* TAC ¶¶ 73, 77, 109.) In an action alleging an antitrust conspiracy, plaintiffs are "not required to sue all of the alleged conspirators." *William Inglis & Sons Baking Co. v. Itt Cont'l Baking Co.*, 668 F.2d 1014, 1053 (9th Cir. 1981).

In *Twombly*, the Supreme Court held that a "naked assertion of conspiracy . . . gets the complaint close to stating a claim, but without some further factual enhancement it stops short of the line between possibility and plausibility of 'entitle[ment] to relief.'" *Twombly*, 550 U.S. at 557 (citing *DM Research, Inc. v. College of Am. Pathologists*, 170 F.3d 53, 56 (1st Cir. 1999)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*

*v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L.Ed. 2d 868 (2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully" or "facts that are 'merely consistent with' a defendant's liability." *Iqbal*, 556 U.S. at 678 (citing *Twombly* at 557).

Here, Plaintiff fails to allege facts sufficient to support its allegation that SCIF and EK conspired with Safeway to restrain trade. In its TAC, Plaintiff alleges only that "Safeway, Inc. . . . . is serviced by EK Health and similarly intended to wrongfully restrain Plaintiff's trade" (TAC ¶ 73) and that "the [Defendants have] also denied H-Wave prescriptions for injured workers employed by . . . Safeway" (*Id.* at ¶ 109). Without some facts supporting actual agreement between the Defendants and Safeway, Plaintiff has failed to adequately allege Safeway's involvement in a conspiracy. *See Hanson v. Shell Oil Co.*, 541 F.2d 1352, 1359 (9th Cir. 1976) ("When an illegal conspiracy or agreement to restrain trade is charged, there must be evidence from which actual agreement or mutual consent can be found or inferred.").

While Plaintiff attempts to cure this defect in its opposition briefs with emails that purportedly provide evidence of the Safeway conspiracy (SCIF Opp. at 2:14-21), the Court may not consider evidence outside the complaint on a Rule 12(b)(6) motion to dismiss, because Plaintiff has not demonstrated that any of the exceptions to this general rule apply in this instance. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) (discussing general rule); *Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001) (discussing exceptions to the rule).

**B.     Workers' Compensation Exclusivity**

California's Workers' Compensation Act ("WCA") creates a worker's compensation system that is "exclusive of all other statutory and common law remedies, and substitutes a new system of rights and obligations for the common law rules governing liability of employers for injuries to their employees." *Graczyk v. Workers' Comp. Appeals Bd.*, 184 Cal. App. 3d 997, 1003, 229 Cal. Rptr. 494, 498 (1986) (internal citations omitted). Injuries that are "collateral to or derivative of an injury compensable by the exclusive remedies of the WCA" are normally limited to the remedies provided by the Act. *Charles J. Vancanti, M.D., Inc. v. State Comp. Ins. Fund*, 24 Cal. 4th 800, 811, 102 Cal. Rptr. 2d 562, 573 (2001) (internal citation and quotation marks omitted). If "the alleged acts or motives that establish the elements of the cause of action fall outside the risks encompassed within the compensation bargain," then the injury is not subject to the exclusivity bar. *Id.* at 811-12. Causes of action also fall outside workers' compensation exclusivity when the acts are not "a normal part of the employment relationship or

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 15-8061 DMG (RAOx)** | Date | March 1, 2016 |
|---|---|---|---|
| Title | *Electronic Waveform Lab, Inc. v. EK Health Services, et al.* | Page | 13 of 18 |

workers' compensation claims process," or if the motive behind the acts violates a "fundamental policy of this state." *Id.* at 812 (internal citations omitted).

1.   **Intentional Interference and UCL**

"[I]njuries arising out of and in the course of the workers' compensation claims process fall within the scope of the exclusive remedy provisions because this process is tethered to a compensation injury." *Id.* at 815. Lien claimants are similarly "limited to WCA remedies for *all* injuries caused by wrongful delays or refusals to pay." *Id.* at 816 (emphasis in original). An insurer's misdeeds do not exempt an injury from the exclusivity bar unless the underlying acts by the insurer "fall outside the scope of the compensation bargain." *Id.* at 827-28.

Here, Plaintiff's intentional interference with prospective economic advantage and UCL claims are derived from Defendants' alleged acts that fit into two categories: (1) "individual acts of a defendant that establish a pattern or practice of mishandling plaintiffs' lien claims;" or (2) acts of defendants that fall outside the scope of the compensation bargain. *Id.* at 828. In the first category, Plaintiff alleges conduct by Defendants that include denials of H-Wave treatment requests based on fraudulently conducted UR. (TAC ¶ 124.) In the second category, Plaintiff alleges conduct by Defendants that include threats to patients and physicians who request H-Wave treatment, deterring patients and physicians from seeking H-Wave treatment. (*Id.* at ¶¶ 62-64, 67.)

As in *Vacanti*, Plaintiff's claims predicated on the first category of acts are barred. "The mere fact that an individual insurer has a pattern or practice of bad faith delays or denials of payment is not enough to insulate a cause of action from preemption where . . . each wrongful act is closely connected to . . . the processing of medical lien claims." *Vacanti*, 24 Cal. 4th at 828. Defendants' denials based on fraudulent UR decisions are the very type of act described in *Vacanti*. Even the alleged blanket denial policy, while it may very well be in contravention of California Labor Code section 4610, is "closely connected to . . . the processing of medical lien claims" and is therefore preempted. *Id.*

Plaintiff also alleges, however, that Defendants engaged in acts such as intimidation of patients and physicians which do not fall within the scope of "normal insurer activity." The WCA "does not contemplate that an insurer will engage in systematic and long-term criminal activities[.]" *Id.* at 827. Furthermore, there is no preemption to the extent that Plaintiff alleges Defendants have caused patients and physicians to no longer seek or prescribe H-Wave treatments. Rather, Defendants' interference with Plaintiff's ability to benefit from future prescriptions by doctors necessarily involves Defendants in "claims it did not insure." *Id.* at 828

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 15-8061 DMG (RAOx)** | Date | March 1, 2016 |
|---|---|---|---|
| Title | *Electronic Waveform Lab, Inc. v. EK Health Services, et al.* | Page | 14 of 18 |

(emphasis omitted). Of course, such claims are subject to questions of proof, but Plaintiff has nevertheless stated a claim for intentional interference and violation of the UCL that is not barred by the WCA's exclusive remedy provisions.

**2.     Trade Libel**

Plaintiff also alleges that EK and the individual defendants' publication of false and disparaging statements about Plaintiff and H-Wave constitutes trade libel. The *Vacanti* court expressly identified this type of claim as falling outside the WCA's exemption provisions. "[C]ourts have exempted defamation claims from exclusivity because an injury to reputation does not depend on a personal injury." *Id.* at 814 (citing *Howland v. Balma*, 143 Cal. App. 3d 899, 904, 192 Cal. Rptr. 286, 289 (1983)).

**C.     RICO Section 1962(c) Claim**

RICO prohibits an entity from "conducting or participating in the conduct of an enterprise through a pattern of racketeering activity; and conspiring to violate any of these provisions." *Sedima v. Imrex Co.*, 473 U.S. 479, 483, 105 S. Ct. 3275, 3278 (1985) (citing 18 U.S.C. § 1962(c), (d)). "To state a claim under section 1962(c), a plaintiff must allege (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Id.* at 496.

**1.     Injury under RICO**

A private plaintiff may bring a RICO claim if he is "injured in his business or property" because the defendant violated one of RICO's criminal provisions set forth in 18 U.S.C. § 1962. *Hemi Gp., LLC v. City of New York*, 559 U.S. 1, 130 S. Ct. 983, 987, 175 L. Ed. 2d 943 (2010) (quoting 18 U.S.C. § 1964(c)). "[A] showing of injury requires proof of concrete financial loss, and not mere injury to a valuable intangible property interest." *Oscar v. Univ. Students Co-op. Ass'n*, 965 F.2d 783, 785 (9th Cir. 1992) (internal citations and quotation marks omitted). "[T]he thing obtained must be property in the hands of the victim." *Cleveland v. United States*, 531 U.S. 12, 15, 121 S. Ct. 365, 368, 148 L. Ed. 2d 221, 226 (2000).

Here, Plaintiff alleges injury in the form of lost reimbursement for H-Wave devices it provided pre-UR denial. (TAC ¶¶ 106.) Plaintiff alleges numerous statistics intended to show that, absent fraudulent behavior, H-Wave treatment requests are likely to have been approved. (*Id.* at ¶ 12.) Defendants denied H-Wave reimbursement requests based on fraudulent UR decisions in order to retain money that would otherwise be paid to Plaintiff. In *United States v. McMillan*, the Fifth Circuit found that retention of money that would otherwise be paid out to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 15-8061 DMG (RAOx)** | Date | March 1, 2016 |
|---|---|---|---|
| Title | *Electronic Waveform Lab, Inc. v. EK Health Services, et al.* | Page | 15 of 18 |

medical providers satisfied "the *Cleveland* requirement that the object of the fraud be actual money or property in the hands of the victim." 600 F.3d 434, 449 (5th Cir. 2010).

Defendants contend that *McMillan* is at odds with Ninth Circuit law. Although the Fifth Circuit does not require that the victim who loses money or property also be the party that was deceived by the defendant's scheme, Ninth Circuit law does require the victim to be the intended target of the defendant's fraud. *Compare McMillan*, 600 F.3d at 449 *with United States v. Lew*, 875 F.2d 219, 221-22 (9th Cir. 1989). The allegations in this case do not run afoul of Ninth Circuit law. The TAC alleges that Defendants made the misrepresentations to not only the patients and physicians, but to Plaintiff as well. (TAC ¶ 106.) Furthermore, in *United States v. Bonallo*, the Ninth Circuit suggested that the bank's reimbursement of wrongly charged customers may constitute an injury. *See U.S. v. Bonallo*, 858 F.2d 1427, 1434 n. 9 (9th Cir. 1988). A similar scenario is present here. Defendants' fraudulent denial of H-Wave requests induced Plaintiff to settle claims with its clients, leading to an alleged loss. (TAC ¶¶ 105-06.)

Plaintiff has also alleged that Defendants' fraudulent conduct caused Plaintiff to relinquish its lien claims. (TAC ¶¶ 105, 106.) The Supreme Court has held that causes of action are species of property. *See Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 428, 102 S. Ct. 1148, 71 L.Ed.2d 265 (1982). Defendant SCIF attempts to distinguish *Logan* by arguing that it did not *deprive* Plaintiff of the ability to appeal to the WCAB since Plaintiff could have chosen to appeal instead of settling with third parties. SCIF's Reply at 23, 24. While Defendants did not affirmatively prevent Plaintiff from filing a lien claim, SCIF and EK's alleged fraud induced Plaintiff into relinquishing its claims by settling with third parties. (TAC ¶¶ 105, 106.) The difference here appears superficial; Plaintiff ultimately gave up its right to file a lien due to Defendants' wrongdoing. Under *Logan*, Plaintiff's loss is therefore an injury to property.[4]

### 2. Pattern of Racketeering Activity

In order to adequately plead a claim under RICO, a plaintiff must "show that the racketeering predicates are related, *and* that they amount to or pose a threat of continued criminal activity." *H.J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 239, 109 S. Ct. 2893, 2900, 106 L. Ed. 2d 195, 208 (1989) (emphasis in original). Continuity can be established by showing "a series of related predicates extending over a substantial period of time" or by "showing that the predicate acts or offenses are part of an ongoing entity's regular way of doing business." *Id.* at

---

[4] SCIF also relies on *Angelotti Chiropractic, Inc. v. Baker*, 791 F.3d 1075, 1081 (9th Cir. 2015), where the Ninth Circuit held that liens are not property rights. *Angelotti* is not applicable here as Plaintiff is not alleging a loss of its potential liens, but rather its appeal rights before the WCAB. *See Gonzalez-Julio v. INS*, 34 F.3d 820, 823 (9th Cir. 1991) (the right to file an appeal is a property right protected by the Due Process Clause).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 15-8061 DMG (RAOx)** | Date | March 1, 2016 |
|---|---|---|---|
| Title | *Electronic Waveform Lab, Inc. v. EK Health Services, et al.* | Page | 16 of 18 |

242. Furthermore, "predicate acts designed to bring about a single event . . . did not pose a threat of continuity." *Sever v. Alaska Pulp Corp.*, 978 F.2d 1529, 1536 (9th Cir. 1992) (citing *Jarvis v. Regan*, 833 F.2d 149, 152-53 (9th Cir. 1987).

Plaintiff adequately alleges facts showing both "a series of related predicates extending over a substantial period of time" and "showing that the predicate acts or offenses are part of an ongoing entity's regular way of doing business." *H.J. Inc.*, 492 U.S. at 242. Plaintiff alleges that Defendants conducted fraudulent UR denials against various patients and physicians for a period of at least six years. (TAC ¶ 9.) In addition, Plaintiff alleges that Defendants have a "blanket denial policy" with regard to the H-Wave device. (*Id.* at ¶ 103.) Although Defendants insist that the blanket denial of H-Wave treatment requests constitutes only a "single event," Defendants' repeated denials of H-Wave requests impacted multiple patients and physicians, not just Plaintiff. The Court is therefore persuaded that this case presents facts that are distinguishable from those involving a "single event."

### 3. Mail and Wire Fraud

RICO allegations based on mail and wire fraud must satisfy the particularity requirements of Federal Rule of Civil Procedure Rule 9(b). *Schreiber Distributing Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1400-01 (9th Cir. 1986). Plaintiffs must plead the "who, what, when, where, and how" that would suggest fraud. *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997).

Here, Plaintiff has pled sufficient facts to meet the particularity requirements of Rule 9(b). Defendants' denial letters contain misrepresentations of fact regarding whether the UR decisions were compliant with section 4610's requirements. (TAC at ¶¶ 42, 53, 54, 101-02.) Plaintiff alleges that all letters sent since September 14, 2005 to present were fraudulent. (*Id.*) Lastly, Plaintiff has alleged that it relied on Defendants' fraudulent denial letters in settling reimbursement claims with its clients. (*Id.* at ¶¶ 56, 57, 101.) While Plaintiff's purported reliance may be a question of fact, these allegations must be taken as true at this stage of the proceedings. *Iqbal*, 556 U.S. at 678. Plaintiff has adequately alleged each element of a RICO section 1962(c) claim.

### D. RICO Conspiracy Claim

Under RICO section 1962(d), "[i]t shall be unlawful for any person to conspire to violate any of the provisions of subsections (a), (b), or (c) of this section." *Salinas v. United States*, 522 U.S. 52, 63 (1997) (citing 18 U.S.C. § 1962(d)). As a threshold matter, a RICO conspiracy requires a substantive RICO violation. *See Howard v. America Online, Inc.*, 208 F.3d 741, 751

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 15-8061 DMG (RAOx)** | Date | March 1, 2016 |
|---|---|---|---|
| Title | *Electronic Waveform Lab, Inc. v. EK Health Services, et al.* | Page | 17 of 18 |

(9th Cir. 2000). A conspiracy to violate RICO further requires "an agreement to conduct or participate in the affairs of an enterprise and an agreement to the commission of at least two predicate acts." *Baumer v. Pachl*, 8 F.3d 1341, 1346 (9th Cir. 1993) (quoting *United States v. Neapolitan*, 791 F.2d 489, 499 (7th Cir. 1986)). Alleged conspirators must also be "aware of the essential nature and scope of the enterprise and intended to participate in it." *Ibid.* (quoting *United States v. Muskovsky*, 863 F.2d 1319, 1324 (7th Cir. 1988)).

In this case, Plaintiff adequately alleges a substantive RICO violation under section 1962(c) as explained above. Plaintiff also alleges "an agreement to conduct or participate in the affairs of [the] enterprise" through SCIF's email communications with EK, the distribution of an "Inter-Communication" memorandum outlining the alleged blanket denial policy, as well as EK's active encouragement of its reviewers' participation in the policy. (TAC ¶¶ 42, 44, 45.) Furthermore, Plaintiff alleges more than two instances of mail and wire fraud by all Defendants through its fraudulent UR denials. (*Id.* ¶ 9, 42, 53.) Lastly, Defendants are all alleged to have actively and knowingly participated in enforcing the blanket denial policy. (*Id.* ¶¶ 42, 45.) Plaintiff has therefore adequately alleged a RICO section 1962(d) conspiracy claim.

## V.
## CONCLUSION

In light of the foregoing, Defendants' motion to dismiss is **DENIED** in part and **GRANTED** in part as follows:

1. Defendants' motion to dismiss the Cartwright Act claim is **GRANTED** with leave to amend;

2. Defendants' motion to dismiss the intentional interference with prospective economic advantage and UCL claims are **GRANTED** with prejudice to the extent they are predicated on Defendants' UR denials, but is otherwise **DENIED**;

3. Defendant EK's motion to dismiss the trade libel claim is **DENIED**;

4. Defendants' motion to dismiss Plaintiff's RICO claim is **DENIED**; and

5. Defendants' motion to dismiss Plaintiff's RICO conspiracy claim is **DENIED**.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 15-8061 DMG (RAOx)** | Date | March 1, 2016 |
|---|---|---|---|
| Title | *Electronic Waveform Lab, Inc. v. EK Health Services, et al.* | Page | 18 of 18 |

Plaintiff shall file its Fourth Amended Complaint, or notify Defendants that it does not intend to amend, within 21 days from the date of this Order. Defendants shall file their response within 21 days after the expiration of Plaintiff's deadline to amend.

**IT IS SO ORDERED.**